IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA URIBE, on behalf of herself and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| POTESTIVO & ASSOCIATES P.C.; POTESTIVO & ASSOCIATES, A PROFESSIONAL CORPORATION and COLLINS ASSET GROUP, LLC, | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Ana Uribe brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Potestivo & Associates, P.C., Potestivo & Associates, a Professional Corporation and Collins Asset Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection activities occurred within this District;

   b. Defendant Potestivo has offices within this District.

## PARTIES

9. Plaintiff Ana Uribe is an individual who resides in Romeoville, Illinois.

10. Defendant Potestivo & Associates P.C., is a law firm organized as an Illinois corporation. Its president is Brian A. Potestivo.

11. Defendant Potestivo & Associates, a Professional Corporation, is a law firm organized as a Michigan corporation. Its sole officer is Brian A. Potestivo.

12. The two Potestivo entities conduct business as a single entity. For example, they have a single web site which lists offices at (a) 223 W. Jackson Blvd., Ste. 610, Chicago, IL 60606-6911, (b) 251 Diversion St., Rochester, MI 48307, (c) 3280 E. Beltline Court NE, Suite 100, Grand Rapids, MI 49525, and (d) 11628 Old Ballas Road, Suite 225, St. Louis, MO 63141, without distinction as to which office is used by which entity. (http://www.potestivolaw.com/contact-us/)

13. The web site lists 22 attorneys and 15 "managers," again without distinction between entities. (http://www.potestivolaw.com/staff/)

14. The web site states that "Potestivo & Associates, P.C. is a recognized leader for legal solutions in the real estate finance and credit industry in the states of Michigan, Illinois, and Missouri" and that "Potestivo & Associates, P.C. provides highly efficient and cost effective results when collecting unpaid debts." (http://www.potestivolaw.com)

15. The web site does not indicate that there is more than one Potestivo entity.

16. Under the circumstances, the Potestivo entities should be treated as one.

17. The Potestivo entities use the mails and telephone system to collect debts, including residential mortgages.

18. The Potestivo entities are a debt collector as defined in the FDCPA.

19. The Potestivo entities regularly represent Collins Asset Group, LLC.

20. Defendant Collins Asset Group, LLC is a limited liability company organized under Delaware law with principal offices at 5725 West Highway 290, Suite 103, Austin, TX 78735. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

21. The sole business of defendant Collins Asset Group, LLC is the collection of debts.

22. Defendant Collins Asset Group, LLC describes its business activities on a web site as follows:

> Great resources: We work, as a 1st party servicer, with many credit grantors and regularly large volumes of accounts receivable. . . .
>
> Quality control: We take pride in robust due diligence efforts, including the latest technology, analytics and compliance.
>
> Flexible and responsive: Our team is highly skilled and experienced and has the ability to make nimble decisions with the necessary financial resources to close transactions promptly.
>
> Most other 1st party client-run call centers come ill-equipped and ill-prepared to be able to handle the sheer size of the varying call types that their operators may be required to

field.

By utilizing some of the most cutting edge and advanced technology that is available to us within our industry, we are able to maintain a faster metabolism in our company and can offer an ironclad and guaranteed accounts receivable recovery process for creditors, consumers and commercial accounts.

We understand that income, and income on a steady basis, is absolutely vital for your company. By utilizing the services that Collins Asset Group, LLC provides, we can guarantee a steady level of generated income to buoy your company.

Collins offers strategic accounts receivable services to turn non-performing accounts receivable into cash. Whether you're a large originator or a boutique lender, we have the right solution for you.

Collins is a trusted resource for accounts receivable of all types, and we have extensive experience with 1st party accounts receivable for national, regional and state originators. (http://www.collinsassetgroup.com/services/)

23. Defendant Collins Asset Group, LLC acquires some of the debts, generally for pennies on the dollar, and also acts as a collection agency.

24. The web site does not identify any non-collection business activities engaged in by Collins Asset Group, LLC. On information and belief, it has no other business activities.

25. Defendant Collins Asset Group, LLC is licensed as a collection agency by the Illinois Department of Financial and Professional Regulation.

26. Defendant Collins Asset Group, LLC has filed scores of lawsuits in Illinois courts.

During the last 12 months it has filed at least: 26 cases in Cook County, 7 in Lake County, 4 in Will County, 1 in McHenry County, 1 in Coles County, 1 in Tazewell County, and 1 in Stephenson County.

27. Defendant Collins Asset Group, LLC uses the mails, telephone system and Internet in conducting business.

28. Defendant Collins Asset Group, LLC is a debt collector as defined in the FDCPA.

29. The conduct of Potestivo in connection with the events described below was taken as agent and attorney of Collins Asset Group, LLC, within the scope of its authority as attorney

for Collins Asset Group, LLC.

**FACTS**

30. Defendants have been attempting to collect from plaintiff an alleged debt, consisting of what was originally a 10% second mortgage loan secured by plaintiff's former residence, and entered into for the purpose of acquiring the former residence. The date of the loan was May 3, 2005. The original lender was Long Beach Mortgage Company, a notorious predatory lender.

31. Ms. Uribe was unable to make the payments, and a foreclosure was filed on the first mortgage on October 9, 2007. *Deutsche Bank National Trust Co. v. Ana Uribe,* 2007CH003240 (Will Co. Circuit Court). Mortgage Electronic Registration Systems, as nominee or agent of the mortgagee on the second mortgage, was named as a defendant and appeared in about November 2007. A judgment of foreclosure was entered on February 11, 2008. On August 13, 2008, an order evicting Ms. Uribe was entered.

32. More than ten years after filing of the foreclosure suit on the first mortgage, on or about March 2, 2018, Collins Asset Group, LLC, represented by Potestivo & Associates, P.C., sued Ana Uribe in the Circuit Court of Will County, Illinois, to collect the second mortgage note, case 18 L 199.

33. A copy of the complaint in 18 L 199 and exhibits is in Appendix A.

34. The complaint alleged that Collins Asset Group, LLC was "the holder in due course of the Note." (Complaint, 18 L 199, ¶7)

35. The term "holder in due course" is defined in sources intended for laypersons as giving rights "superior to those provided by ordinary species of contracts" including "rights to payment [that] are not subject to set-off, and do not rely on the validity of the underlying contract giving rise to the debt (for example if a cheque was drawn for payment for goods delivered but defective, the drawer is still liable on the cheque)" and "Transfer free of equities—the holder in due course can hold better title than the party he obtains it from. . . ." Wikipedia, "Holder in due course," accessed April 21, 2018.

36. In fact, Collins Asset Group, LLC was not a holder in due course, because:

   a. Its claimed acquisition of the debt occurred well after "notice that the instrument is overdue". 810 ILCS 5/3-302.

   b. The initial endorsement of the note by original payee Long Beach Mortgage Company was to American Servicing & Recovery Group, LLC, an entity organized under the laws of Texas on November 6, 2008, over two years after Ana Uribe defaulted.

37. The state court complaint filed by Collins Asset Group, LLC alleged that Ana Uribe defaulted on the second mortgage loan on or about May 17, 2006. (Complaint, 18 L 199, ¶8)

38. No payments were made thereafter.

39. Furthermore, the filing of the foreclosure suit on the first mortgage on October 9, 2007 was an act of default with respect to the second mortgage loan, as it threatened the security for the loan (which was in fact irrevocably lost a few months later).

40. By not taking immediate action to cause the dismissal of the foreclosure, Ana Uribe effectively repudiated her obligation to perform the terms of the second mortgage loan, as it transformed it into an unsecured obligation which could not reasonably be expected to be paid at all.

41. The exhibits to the state court complaint in 18 L 199, claimed that Collins acquired the note about June 11, 2013, years after it went into default.

42. On information and belief, Collins Asset Group, LLC does not obtain sufficient information about the defaulted debts it purchases to indicate whether it could be a holder in due course.

43. The state court complaint alleged that "Plaintiff has waived all accrued delinquent payments past due owing as of the demand for payment, on or about May 17, 2006." (Complaint, 18 L 199, ¶9)

44. Such allegations are ineffective to postpone the running of the statute of limitations where the borrower has committed a total breach of the obligation, such as by failing to preserve the security. A total breach which starts the running of the statute of limitations occurs when a "party explicitly or implicitly represents that he cannot or will not perform his obligations under the contract", and the obligee cannot "sit back and wait for each required payment as such payments come due in the future." *Hassebrock v. Ceja Corp.,* 2015 IL App (5th) 140037, ¶36, 29 N.E.3d 412.

45. The case 18 L 199 was filed more than 10 years after Ms. Uribe repudiated the contract and was time-barred when filed.

46. Ms. Uribe was damaged by the filing of 18 L 199, in that:

   a. She spent money and time hiring counsel to defend it and filing an appearance in it (for which there is a fee);

   b. She was aggravated by the enforcement of a large, time-barred debt.

## COUNT I – FDCPA CLASS CLAIM

47. Plaintiff incorporates paragraphs 1-46.

48. Defendants violated the FDCPA, 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), by falsely representing that Collins Asset Group, LLC was a holder in due course.

## CLASS ALLEGATIONS

49. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

50. The Potestivo class consists of (a) all individuals (b) with respect to whom defendant Potestivo filed a complaint (c) stating that the plaintiff was a holder in due course (d) when the plaintiff acquired the obligation after default (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

51. The subclass includes class members where Collins Asset Group, LLC was the

plaintiff.

52. On information and belief, the class and subclass are so numerous that joinder of all members is not practicable.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants misrepresent that the debt is held by a holder in due course.

54. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

56. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

### COUNT II – FDCPA CLASS CLAIM

57. Plaintiff incorporates paragraphs 1-46.

58. Defendants violated the FDCPA, 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), by filing suit on a time-barred debt.

## CLASS ALLEGATIONS

59. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

60. The Potestivo class consists of (a) all individuals (b) against whom defendant Potestivo filed a complaint (c) on a closed-end second mortgage note originally secured by Illinois real estate (d) more than 10 years after the later of (i) payment or (ii) the filing of a foreclosure complaint on the first mortgage on the same property which resulted in the sale of the property (e) which complaint was filed at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

61. The Collins class consists of (a) all individuals (b) against whom defendant Potestivo filed a complaint (c) on a closed-end second mortgage note originally secured by Illinois real estate (d) more than 10 years after the later of (i) payment or (ii) the filing of a foreclosure complaint on the first mortgage on the same property which resulted in the sale of the property (e) which complaint was filed at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

62. On information and belief, each class is so numerous that joinder of all members is not practicable.

63. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants are filing time-barred lawsuits.

64. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

65. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

66. A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      i.      Statutory damages;

      ii.      Any actual damages proven by class members;

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

                                  s/ Daniel A. Edelman
                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Isabella Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                  s/ Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35039\Pleading\Complaint_Pleading.WPD