# <u>APPENDIX A</u>

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
18L199
Filed Date: 3/2/2018 7:47 AM
Envelope: 643936
Clerk: KJ

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

Collins Asset Group, LLC

               Plaintiff,

v.

Ana Uribe;

               Defendant.

Case Number: _____ 18L199

## COMPLAINT

NOW COMES Plaintiff, Collins Asset Group, LLC, by and through its attorneys, Potestivo & Associates, P.C., and for its Complaint states as follows:

### PARTIES

1.    Plaintiff, Collins Asset Group, LLC, is a limited liability company registered in the State of Illinois, with a principal place of business in Texas, located at 5725 W. Highway 290, Suite 103, Austin, TX 78735.

2.    Defendant, Ana Uribe, is an individual, who upon information and belief resides in Will County, Illinois.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(a)(1) and 735 ILCS 5/2-209(a)(7). The subject contract in this case was a Promissory Note executed in Illinois and secured by real property located in Illinois.

4.    Venue is proper in this Court pursuant to 735 ILCS 5/2-101. A substantial portion of the events giving rise to the cause of action occurred in Will County, Illinois.

### COUNT I: BREACH OF CONRACT

5.    Upon information and belief, on or about May 3, 2005, Defendant signed and delivered a Promissory Note ("Note") to Long Beach Mortgage Company promising to repay $55,600.00 plus interest. Exhibit A.

6.    Upon information and belief, Long Beach Mortgage Company transferred the Note to American Servicing & Recovery Group, LLC, who then transferred the Note to Heritage Pacific Financial, LLC, who then transferred the Note to Blue Star Holding Company, LLC, who then transferred the Note to Collins Asset Group.

Initial case management set for
_____JUNE 20, 2018_____ at: __9:00__ a.m.

LLC. Exhibit A.

      7.     Plaintiff, as the holder in due course of the Note, owns and retains all beneficial rights and interests therein and Plaintiff has complete authority to settle, adjust, compromise, and satisfy the same, and the prior Note holders have no further interest in said account for any purpose.

      8.     Defendant has defaulted in payments of the Note and Plaintiff, on or about May 17, 2006, has made demand therefore. Defendant has failed to cure the default.

      9.     Plaintiff has waived all accrued delinquent payments past due owing as of the demand for payment, on or about May 17, 2006.

      10.    On or about September 26, 2016, Plaintiff accelerated all payments thereafter as a result of said default in accordance with the terms of the Note.

      11.    There is now due and owing from Defendant to Plaintiff the sum of $50,404.50, exclusive of interest, due demand for which has been made and no part thereof has been paid.

      WHEREFORE, Plaintiff, Collins Asset Group, LLC, demands judgment against Defendant for the sum of $50,404.50 plus the costs of this action, and any other relief this Court finds just and proper.

Respectfully submitted,

Collins Asset Group, LLC

By: _____

Mitchell D. Shanks, Jr (ARDC#6308146)

Potestivo & Associates, P.C.
Kimberly J. Goodell (ARDC#6305436)
Ashley K. Rasmussen (ARDC#6308095)
Artapong Sriratana (ARDC#6298717)
Mitchell D. Shanks. Jr (ARDC#6308146)
M. Michael Sadic (ARDC#6308125)
Kimberly S. Morr (ARDC#6325773)
Igor Shleypak (ARDC#6318086)
Bela A. Dalai (ARDC#6322475)
Alex B. Potestivo (ARDC#6327455)
223 W Jackson Blvd., Suite 610
Chicago, IL 60606
Telephone: 312-263-0003
Main Fax: 312-263-0002
Cook County Firm ID #: 43932
DuPage County Firm ID #: 223623
Attorneys for Plaintiff
Our File No.: 108878

# EXHIBIT A

# NOTE

May **3, 2005**        **ANAHEIM**        **CA**
_Date_                      _City_            _State_

**309 COLUMBINE CT**        **ROMEOVILLE**        IL        **60446**
                             _Property Address_

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **55,600.00**        (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **LONG BEACH MORTGAGE COMPANY**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of **10.900**        %.

Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ **525.30**

I will make my payments on the        **first**        day of each month beginning on July        **1, 2005**        . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on        **June        1, 2035**

I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at        **P.O. Box 2441, Chatsworth CA 91313-2441**        or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of        **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000**        % of my overdue payment, but not less than U.S. $ **1.00**        and not more than U.S. $        **26.27**        . I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated        **May        3, 2005**        , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

---

**ILLINOIS** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT        Form 3814

Page 1 of 2

-75(IL) (9201)        VMP MORTGAGE FORMS - (800)521-7291        Initials: _L.L.U_

1075-IL (02/27/03) JLR

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_____Chea Uribe_____ (Seal)
**ANA URIBE**                -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

*[Sign Original Only]*



## ALLONGE TO PROMISSORY NOTE

American Servicing & Recovery Group, LLC loan #:

Borrower: ANA URIBE

Property Address: 309 COLUMBINE CT
                  ROMEOVILLE, IL 60446-5128

Dated: 5/3/2005

Amount of: $ 55600

PAY TO THE ORDER OF, WITHOUT RECOURSE
BLUE STAR HOLDING COMPANY, LLC

BY: _____ *CG*

CHRIS GANTER-MANAGING MEMBER
HERITAGE PACIFIC FINANCIAL, LLC

Pay to the order of: Heritage Pacific Financial, LLC

Without Recourse

American Servicing & Recovery Group, LLC

By: _____ *WS Buchanan*

PAY TO THE ORDER OF, WITHOUT RECOURSE

COLLINS ASSET GROUP, LLC

BY: _____ *CG*

CHRIS GANTER - MANAGING MEMBER
BLUE STAR HOLDING COMPANY, LLC

STATE OF Texas

COUNTY OF Dallas

On this, the 13th day of June, 2011, before me, the Undersigned, a Notary Public for the said
County and State, this instrument was acknowledged before me.

_____ *Kim Carney*

Notary Public

Kim Carney
Printed Name

KIM CARNEY
Notary Public, State of Texas
My Commission Expires
December 12, 2013

My Commission expires: _____

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
18L199
Filed Date: 3/2/2018 7:47 AM
Envelope: 643936
Clerk: KJ

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

Collins Asset Group, LLC

        Plaintiff,

v.

Ana Uribe;

        Defendant.

Case Number: _____

18L199

### AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided

by §1-109 of the Codes of Civil Procedure, the undersigned certifies that the money damages sought by the plaintiff

herein does exceed $50,000.00.

[x] Under penalties as provided by law
pursuant to 735 ILCS 5/1-109 the
above signed certifies that the statements
set forth herein are true and correct.

_____
Mitchell D. Shanks, Jr (ARDC#6308146)

Potestivo & Associates, P.C.
Kimberly J. Goodell (ARDC#6305436)
Ashley X. Rasmussen (ARDC#6308095)
Artapong Srimtana (ARDC#6298717)
Mitchell D. Shanks, Jr (ARDC#6308146)
M. Michael Sadic (ARDC#6308125)
Kimberly S. Mott (ARDC#6325773)
Igor Shleypak (ARDC#6318086)
Bela A. Dalal (ARDC#6322475)
Alex B. Potestivo (ARDC#6327455)
223 W Jackson Blvd., Suite 610
Chicago, IL 60606
Telephone: 312-263-0003
Main Fax: 312-263-0002
Cook County Firm ID #: 43932
DuPage County Firm ID #: 223623
Attorneys for Plaintiff
Our File No.: 108878