**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANA URIBE, on behalf of herself and the class members, ) ) ) | |
| Plaintiffs, ) ) | Case No. 18-cv-03736 |
| vs. ) ) | Judge: Honorable John Z. Lee |
| COLLINS ASSET GROUP. LLC, *et al.*, ) ) | |
| Defendant. ) | |

**AMENDED JOINT INITIAL STATUS REPORT**

**1.  Nature of the Case**

    A.    <u>Attorneys of Record</u>:

        Daniel A. Edelman
        Cathleen M. Combs
        Isabella M. Janusz
        EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
        20 S. Clark St., Suite 1500
        Chicago, Illinois 60603
        (312) 739-4200
        (312) 419-0379 (FAX)
        Email: dedelman@edcombs.com
                ccombs@edcombs.com
                ijanusz@edcombs.com

        David M. Schultz
        Joseph D. Kern
        HINSHAW & CULBERTSON LLP
        151 North Franklin Street, Suite 2500
        Chicago, IL 60606
        (312) 704-3000
        Email: jkern@hinshawlaw.com
                dschultz@hinshawlaw.com

        Mitchell D. Shanks
        Brenda A. Likavec
        POTESTIVO & ASSOCIATES, P.C.
        223 W. Jackson Blvd., Suite 610
        Chicago, IL 60606

301729059v1 1007259

        (312) 263-0003
        (312) 263-0002 (FAX)
        Email: mshanks@potestivolaw.com
              blikavec@potestivolaw.com

B.     <u>Basis for Jurisdiction</u>: This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

C.     <u>Nature of the Claim</u>: Plaintiff Ana Uribe this action to secure redress from alleged unlawful collection practices engaged in by Defendants Potestivo & Associates, P.C. ("Potestivo") and Collins Asset Group, LLC ("Collins"), by falsely representing that Collins was the holder in due course of Plaintiff's second mortgage note, and by filing suit on a time-barred debt. Collins denies it violated the FDCPA in any way, denies any and all liability, and denies it caused Plaintiff any statutory or actual damages.

D.     <u>Principal Legal and Factual Issues</u>:

i. Whether Plaintiff's default on her first mortgage on October 9, 2007, through the filing of a successful foreclosure suit against her, constituted a default on the second mortgage note, as this caused the security for the loan to be lost.

ii. Whether Plaintiff repudiated her obligation to perform the terms of the second mortgage loan by not taking action to cause the dismissal of the foreclosure, as this transformed the loan to an unsecured obligation which Plaintiff alleges could not reasonably be expected to be paid.

iii. Whether Collins was a holder in due course of the note.

iv. Whether Defendants violated the FDCPA by falsely claiming that Collins was a holder in due course of the note.

v. Whether the debt was time-barred when Defendants filed suit on March 2, 2018 because Plaintiff alleges she repudiated the contract when the foreclosure suit was filed on the first mortgage on October 9, 2007.

vi. Whether Defendants violated the FDCPA by attempting to collect what Plaintiff alleges is a time-barred debt.

vii. The damages, if any, to which Plaintiff and/or the putative class members are entitled.

viii. Whether Plaintiff can satisfy the requirements for class certification under Fed. R. Civ. P. 23.

E.     <u>Relief Sought</u>: Plaintiff seeks statutory damages, any actual damages proven by class members, attorney's fees, litigation expenses, costs of suit, and other relief this Court deems just and proper.

**2.     Pending Motions and Case Plan**

   A.   <u>Date of Initial Status Hearing</u>: Thursday, September 20, 2018.

   B.   <u>Pending Motions:</u> There are no motions currently pending before the court.

   C.   <u>Mandatory Initial Discovery Pilot Project</u>

   *i. General Type of Discovery Needed*

   Plaintiff will need both written and oral discovery from defendant, and possibly third parties, regarding (1) Collins Asset Group's acquisition of the defaulted debt and the basis for its position that it was a holder in due course, (2) the identification and size of the class, and (3) any affirmative defenses raised by Defendants.

   Collins anticipates needing to conduct standard written and oral discovery, which may include a limited number of third-parties.

   *ii. Due Dates of MIDP including due date of initial responses and ESI disclosure*

   As Defendants' answer is due on 9/20/18, MIDP responses are due 10/22/2018.

   *iii. Description of the parties' discussions of MIDP responses- see judge's page for info*

   Parties are yet to discuss MIDP responses. MIDPs are due on 10/22/2018.

   *iv. Date to issue first set of written discovery requests*

   November 5, 2018.

   *v. Fact discovery completion date*

   April 22, 2019.

   *vi. Expert discovery completion date including dates for the delivery of expert reports or summaries*

   July 8, 2019.

   *vii. Date for Filing of Dispositive Motions*

   September 16, 2019.

   Because this is a putative class action, the scope of discovery, the length of time necessary to prepare for trial, the length of any trial will be determined, in large part, by the Court's ruling on class certification. In addition, the parties may seek interlocutory appeal of any order granting or denying class certification in accordance with Fed. R. Civ. P. 23(f).

D. <u>For cases not in the Mandatory Initial Discovery Pilot program:</u> N/A

E. <u>State whether a jury trial is requested:</u> Plaintiff has not made a jury demand.

F. <u>Probable length of trial:</u> Approximately 2-3 days.

F. <u>State whether the parties agree to service of pleadings by electronic means:</u> The parties agree to service of pleadings and other papers by electronic means pursuant to Rule 5(b)(2)(E).

3. **Consent to Proceed Before a Magistrate Judge**

A. The parties do not unanimously consent to proceed before a Magistrate Judge at this time.

4. **Status of Settlement Discussions**

A. The parties have been in active discussion of settlement and a settlement demand has been put forward by Plaintiff's counsel. Defendants responded with a counteroffer, and Plaintiffs proposed one change, which Defendants are reviewing.

Respectfully submitted,

| | |
|---|---|
| s/ Isabella M. Janusz | s/Joseph D. Kern |
| Isabella M. Janusz | Joseph D. Kern |
| | |
| Daniel A. Edelman | David M. Schultz |
| Cathleen M. Combs | Joseph D. Kern |
| Isabella M. Janusz | HINSHAW & CULBERTSON LLP |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | 151 North Franklin Street, Suite 2500 |
| 20 S. Clark St., Suite 1500 | Chicago, IL 60606 |
| Chicago, Illinois 60603 | (312) 704-3000 |
| (312) 739-4200 | |
| (312) 419-0379 (FAX) | *Counsel for Defendant Collins Asset Group, LLC* |
| | |
| *Counsel for Plaintiff* | s/Mitchell D. Shanks |
| | Mitchell D. Shanks |
| | |
| | Mitchell D. Shanks |
| | Brenda A. Likavec |
| | POTESTIVO & ASSOCIATES, P.C. |
| | 223 W. Jackson Blvd., Suite 610 |
| | Chicago, IL 60606 |
| | (312) 263-0003 |
| | (312) 263-0002 (FAX) |
| | |
| | *Counsel for Potestivo & Associates, P.C.* |

**CERTIFICATE OF SERVICE**

      I, Isabella M. Janusz, hereby certify that on September 18, 2018, I caused to be filed the foregoing document via the CM/ECF System, which caused to be sent notification of such filing to all counsel of record.

                                                                 s/Isabella M. Janusz
                                                                 Isabella M. Janusz

Daniel A. Edelman
Cathleen M. Combs
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)