IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA URIBE, on behalf of herself and the class members, | |
| Plaintiffs, | Case No. 18-cv-03736 |
| v. | Honorable John Z. Lee |
| COLLINS ASSET GROUP, LLC, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff Ana Uribe ("Plaintiff"), individually and as representative of the class ("Class"), respectfully requests that this Court enter an order which: (i) preliminarily certifies a class for settlement purposes; (ii) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (iii) sets dates for Class Members to opt out or object, (iv) appoints Ana Uribe as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel; (v) schedules a hearing for final approval of the Agreement; (vi) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A; and (vii) finds that the mailing of such notice satisfies due process and Fed. R. Civ. P. 23. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A.

1. Plaintiff, individually and on behalf of the Class, filed this action alleging that Defendants Collins Asset Group, LLC ("Defendant Collins"), Potestivo & Associates, P.C., and Potestivo & Associates, a Professional Corporation (collectively "Potestivo Defendants") (all defendants collectively "Defendants") violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et seq.* by representing that Defendant Collins was the "holder in

due course" of certain debt obligations that are the subject of collection cases filed in the state of Illinois. Defendants deny Plaintiff's allegations.

2. After arms-length discussions, the parties reached a settlement to resolve this matter. The parties desire to settle this matter solely to avoid the expense, burden, and uncertainty of further litigation. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing this litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of litigation, and the costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties have entered into the Agreement to settle and compromise this litigation on the terms and conditions embodied in the Agreement (i.e., Appendix A).

3. **Conditional Certification of Class for Settlement Purposes**. For purposes of this settlement only, Plaintiff and Defendants agree to the Court's conditional certification of the following settlement class and settlement sub-class (the "Class"), which consists of approximately 51 people:

> The class consists of (a) all individuals (b) with respect to whom defendants Potestivo filed a complaint in Illinois (c) stating that the plaintiff was a holder in due course (d) when the plaintiff acquired the obligation after default (e) which letter was sent at any time during a period beginning May 29, 2017 and ending June 19, 2018.
>
> The subclass includes class members where Collins Asset Group, LLC was the plaintiff. The subclass includes every member of the class defined above.

4. The FDCPA caps a class's statutory recovery available to the class members. In an individual action, the person bringing the suit may recover (i) any actual damages sustained as a result of the alleged violation; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages sustained as a result of the alleged

violation by the class members and (ii) the lesser of 1% of the Defendants' net worth or $500,000.00. Based on this, and the facts of this case, Class Counsel believes that the settlement reached in this matter is a fair and reasonable settlement. The Settlement Fund is approximately 1% of Defendant Collins' net worth. Potestivo represents it has negative net worth. Defendants expressly deny all allegations of wrongdoing and liability.

5. **Settlement Fund**. The Agreement provides the following relief: Defendants shall create a Settlement Fund of $20,000.00 (the "Settlement Fund"), which shall be distributed as follows:

   a. **Class Recovery.** Class Members shall receive $8,291.00 comprising the class recovery. The Class Recovery amount shall be distributed evenly among the Class Members who do not timely exclude themselves from this settlement. If notice of settlement is delivered to all Class Members and no Class Members opt out of the Class, each Class Member will receive approximately $162.56.

   b. **Plaintiff's Recovery.** Plaintiff/Class Representative Ana Uribe shall receive an additional $1,709.00 for her individual recovery and role as class representative, which represents $1,000.00 in statutory damages and $709.00 in alleged actual damages. Defendant Collins also agrees to waive any amounts Plaintiff/Class Representative Ana Uribe owes on a second mortgage loan originated by Long Beach Mortgage Company dated May 3, 2005 related to the property that is the subject of the breach of contract claim in *Collins Asset Group, LLC v. Ana Uribe*, 18 L 199 (Cir. Ct. Will Co., Ill.).

   c. **Attorneys' Fees and Costs.** Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs in the amount of $10,000.00. Defendants shall pay those fees that the Court deems reasonable up to $10,000.00.[1]

   d. **Uncashed Checks**. If there are any funds remaining after the expiration of the void date on the checks issued to the Class Members, those funds will be distributed to the Chicago Law & Education Foundation, 3120 S Kostner Ave, Chicago, IL 60623, as a *cy pres* award. CLEF operates free legal clinics in high schools and other community spaces to provide legal services and education to underserved, low-income Chicago students and their families. There will be no reversion to Defendants.

---

[1] Class Counsel intends to pay a referral fee of 1/3 of the fees awarded to attorney Mila Gloria Novak. Class Counsel is informing the Court of this arrangement for disclosure purposes only.

6. **Cost of Class Notice and Administration.** Defendants shall pay all costs of notice and administration of the settlement. These amounts are separate and in addition to the Settlement Fund.

7. **Class Notice**: Within 30 days of entry of the preliminary approval order, Defendants shall, through a settlement administrator, cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Class Members, according to the most current and available address in Defendants' records. The settlement administrator shall distribute the notice via any form of First Class U.S. Mail providing address forwarding. In the event that a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Class Members through the National Change of Address ("NCOA") database.

8. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members**

4

> **of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

    a.    <u>Rule 23(a)(1) – Numerosity.</u> Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 20-40. <u>Kulins v. Malco</u>, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); <u>Sala v. National R. Pass. Corp.</u>, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, Defendants have represented that, based on a review of their records, there are 51 persons in the Class. This plainly satisfies the numerosity requirement.

    b.    <u>Rule 23(a)(2) – Commonality; and Rule 23(b)(3) – Common Questions of Law or Fact Predominate</u>. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. <u>Blackie v. Barrack</u>, 524 F.2d 891, 910 (9th Cir. 1975). Common

5

questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. *McClendon v. Continental Group, Inc.*, 113 F.R.D. 39, 43-44 (D.N.J. 1986); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y. 1987); *Spicer v. Chicago Board Options Exchange*, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

(1) Whether Defendant Collins was a holder in due course of debts it acquired after default;

(2) Whether Defendants misrepresented that the debt was held by a holder in due course; and

(3) Whether Defendants violated the FDCPA by claiming that Defendant Collins was a holder in due course of the note.

The Settlement Class is defined in terms of all individuals with respect to whom Defendants Potestivo filed a complaint in Illinois stating that the plaintiff was a holder in due course when the plaintiff acquired the obligation after default which letter was sent at any time during a period beginning May 29, 2017 and ending June 19, 2018. The subclass, which includes the entire Class, is defined to include class members where Defendant Collins was the plaintiff in the complaint filed against them in Illinois by Defendants Potestivo.

c. <u>Rule 23(a)(3) – Typicality</u>. Rule 23 requires that the claims of the named

Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the Class Members has been subjected to the same practice as the named Plaintiff, namely they are individuals with respect to whom Defendants Potestivo filed a complaint in Illinois stating that the plaintiff was a holder in due course when the plaintiff acquired the obligation after default which letter was sent at any time during a period beginning May 29, 2017 and ending June 19, 2018. Additionally, each of the Class Members have been subjected to the same practice as the named Plaintiff with respect to the subclass, namely that Defendant Collins was the plaintiff in the complaint filed against them in Illinois by Defendants Potestivo.

    d.  <u>Rule 23(a)(4) – Adequacy of Representation</u>. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in <u>Appendix B</u>. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    e.  <u>Rule 23(b)(3) – Class Action Is Superior to Other Available Methods of</u>

Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

8

9. Plaintiff's counsel submits that the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014), and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014), are not applicable to the terms of the proposed Agreement. The award to the Class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the Class would not come from the Class Recovery but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, Plaintiff's counsel submits that the size of the class award is not contingent on the size of the attorneys' fees award, unlike cases such as *Pearson*, *Redman*, and *Eubank* where payment of the attorneys' fees affected the total payment to the class. In this case, even if the Class were to proceed to trial, it would not receive more than 1% of Defendants' net worth. The parties further submit that the class notice gives fair notice to the class of the terms of the settlement, and the ways in which Class Members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and due process.

10. Unlike *Eubank*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiff and the Class, for reasons including that the Plaintiff shares no prior professional, financial, personal, or familial relationship with Class Counsel. And unlike *Eubank*, 753 F.3d at 724, there is no conflict of interest between Class Counsel and the Class. The Agreement does not provide for the payment of attorney's fees to Class Counsel prior to the notice being sent to the class. *Id*. In addition, unlike *RadioShack*, the instant settlement does not involve coupons. *Redman*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The

9

settlement contemplates a recovery of statutory damages in the Class Recovery in the amount of $8,291.00, which would be distributed equally to all Class Members who do not opt out.

11. Plaintiff's counsel further submits that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Class Members can opt out or object to the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and due process.

12. **Schedule for Class Notice, Exclusions, and Objections.** The parties request that the Court set the following schedule for the proposed Agreement:

   a. Class Notice (Exhibit 1 to Appendix A) is to be mailed within 30 days of entry of the Preliminary Approval Order (Exhibit 2 to Appendix A);

   b. Class members shall have until 60 days after the initial mailing of the notice to request exclusion or object to the proposed Agreement;

   c. A hearing on the fairness, adequacy, and reasonableness of the Agreement and whether the final approval shall be given to it, including the requests for fees and expenses by counsel for the classes will be held before this Court on a date at least ninety (90) days from the notification provided under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

13. In the event that there is any conflict between any provision of this motion and the Agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order in the form of Exhibit 2 to the Agreement, which (i) preliminarily approves the Agreement; (ii) preliminarily certifies the class and sub-class mentioned above for settlement purposes only; (iii) appoints Ana Uribe as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iv) schedules a hearing for final approval of the Agreement; (v) approves Exhibit 1 to the Agreement as notice to the Class to be directed by First Class U.S. Mail to the last known address of the Class Members as shown from Defendants' records; (vi) sets dates for Class Members to

opt-out or object, and (vii) finds that the mailing of notice satisfies due process and Fed. R. Civ. P. 23.

                                            Respectfully submitted,
                                            EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
                                            */s/ Isabella M. Janusz*
                                            Isabella M. Janusz

Daniel A. Edelman
Heather Kolbus
Isabella M. Janusz
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 739-4200

## **CERTIFICATE OF SERVICE**

I, Isabella M. Janusz, an attorney, certify that on February 5, 2019, caused to be served a copy of the foregoing **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** by electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

☒ ECF
☐ Facsimile
☐ UPS
☐ U.S. Mail
☐ E-Mail
☐ Messenger Delivery

To:  All Parties of Record

*/s/ Isabella M. Janusz*
Isabella M. Janusz