IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA URIBE, on behalf of herself and the class members,<br><br>    Plaintiffs,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC, *et al.*,<br><br>    Defendants. | Case No. 18-cv-03736<br><br>Honorable John Z. Lee |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.  **Parties.** Defendants Collins Asset Group, LLC ("Collins"), Potestivo & Associates, P.C., and Potestivo & Associates, a Professional Corporation (collectively "Potestivo") (all defendants collectively "Defendants") and Plaintiff Ana Uribe ("Uribe" or Plaintiff), individually, and as representative of the class of persons defined below in Paragraph 8 (the "Class"), enter into this class settlement agreement (the "Agreement").

2.  **Case, Parties, and Nature of the Litigation.** Plaintiff, individually and on behalf of the Class, filed the above-captioned action in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Ana Uribe v. Collins Asset Group, et al.*, Case No. 18-cv-03736 (the "Litigation"). In the Litigation, Plaintiff alleged that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by filing a lawsuit against her representing that Defendant Collins was a holder in due course of a second mortgage note it had acquired after default, which she alleges was not the case.

3.  **Denial of Liability.** Defendants deny they violated the FDCPA and deny all liability to Plaintiff and the Class. Nonetheless, Defendants agree to this settlement to avoid the

expense, burden, and uncertainty of further litigation.

4. Plaintiff, individually and on behalf of the Class, desires to enter in this Agreement, having considered, with the assistance of counsel, the risks, delay, costs, and difficulties involved in establishing a right to recovery over that offered by this settlement.

5. Plaintiff's counsel has investigated the facts and the applicable law. Upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, the parties each agree to settle Count I of the Complaint, subject to the Court's approval, on the following terms and conditions. Count II of the Complaint shall be dismissed without prejudice pursuant to a separately filed stipulation.

**TERMS**

7. **Recitals.** The Recitals set forth above are incorporated by reference as integral provisions of this Agreement.

8. **Effective Date.** This Agreement shall become effective (the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff's and class members' Complaint against Defendants with prejudice ("Final Approval Order"); and (2) (a) if the Final Approval Order is not appealed, the expiration of 5 days from the date that the Final Approval Order becomes a final, non-appealable order; or (b) if the Final Approval Order is appealed, the expiration of 5 days after the final disposition of any such appeal, which final disposition affirms the Court's Final Approval Order and orders the consummation of the settlement under the terms

and provisions of this Agreement.

9. **Class.** For purposes of this settlement only, Plaintiff and Defendants agree to the Court's conditional certification of the following settlement class and sub-class (the "Class"), which consists of approximately 51 people:

> The class consists of (a) all individuals (b) with respect to whom defendants Potestivo filed a complaint in Illinois (c) stating that the plaintiff was a holder in due course (d) when the plaintiff acquired the obligation after default (e) which letter was sent at any time during a period beginning May 29, 2017 and ending June 19, 2018.
>
> The subclass includes class members where Collins Asset Group, LLC was the plaintiff. The subclass includes every member of the class defined above.

10. **Settlement Fund.** To settle the claims of Plaintiff and the Class, a settlement fund of $20,000.00 (the "Settlement Fund") will be created by Defendants. The Settlement Fund will be distributed as follows in Paragraphs 11-13. The entire Settlement Fund will be paid out and there will be no reverter to Defendants.

11. **Relief to the Class Members ("Class Recovery").** Subject to Court approval, the Class Members shall receive $8,291.00 comprising the Class Recovery. The Class Recovery amount shall be distributed evenly among the Class Members who do not timely exclude themselves from this settlement.

12. **Relief to Plaintiff Ana Uribe.** Subject to Court approval, Defendants shall pay $1,709.00 to Plaintiff/Class Representative Ana Uribe, which represents $1,000.00 in alleged statutory damages and $709.00 in alleged actual damages. Defendant Collins also agrees to waive any amounts Plaintiff/Class Representative Ana Uribe owes on a second mortgage loan originated by Long Beach Mortgage Company dated May 3, 2005 related to the property that is the subject of *Collins Asset Group, LLC v. Ana Uribe*, 18 L 199 (Cir. Ct. Will Co., Ill.).

13. **Attorneys' Fees and Costs**. Counsel for Plaintiff and the Class shall petition the

Court for approval of attorneys' fees and costs in the amount of $10,000.00. Defendants shall pay those fees and costs that the Court deems reasonable up to $10,000.00.

14. **Cost of Class Notice and Administration**. Defendants shall pay all costs associated with the notice under this Agreement and the costs of administering the Class Recovery. This amount shall be in addition to the amount of the Settlement Fund.

15. **Timing of Payments.** At least 10 business days before the Final Approval Hearing, Defendants shall deposit the Settlement Fund with the settlement administrator to be held in trust. The payments required by Paragraphs 10-13 of this Agreement, shall be distributed as follows:

   a. **Distribution of Class Recovery.** The Class Recovery due under Paragraph 11 shall be distributed by the settlement administrator within 21 days of the Effective Date.

   b. **Distribution of Plaintiff's Recovery.** The settlement administrator shall deliver a check made payable to Plaintiff/Class Representative Ana Uribe in the amount of $1,709.00 as set forth in Paragraph 12 to Plaintiff's counsel within 21 days of the Effective Date and upon receipt of a completed W-9 for Plaintiff. The settlement administrator shall send the check to Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark Street, Suite 1500, Chicago, Illinois 60603.

   c. **Distribution of Attorneys' Fees and Costs Payment.** The settlement administrator shall deliver a check made payable to Edelman, Combs, Latturner & Goodwin LLC Client Trust Account in the amount of $10,000.00 as set forth in Paragraph 13 to Plaintiff's counsel within 21 days of the Effective Date and upon receipt of a completed W-9 form for Plaintiff's counsel. The settlement administrator shall send the check to Edelman, Combs, Latturner & Goodwin, LLC, 20 South Clark Street, Suite 1500, Chicago, Illinois 60603.

   d. **Uncashed Checks**. The void date for any checks the settlement administrator issues pursuant to this Agreement are void 90 days from the date they are issued (the "Void Date"). If, following the last Void Date of all checks issued pursuant to this Agreement, there remains any uncashed checks or undistributed funds, those funds will be distributed to the Chicago Law & Education Foundation, 3120 S. Kostner Ave., Chicago, IL 60623, as a *cy pres* award and shall be distributed by the settlement administrator within 30 days following the last Void Date. The settlement administrator shall report to the parties if there are any undistributed amounts remaining in the Settlement Fund within 30 days after the last Void Date.

   e. **Report of Distribution.** Within 30 days of the *cy pres* payments being made, the

settlement administrator shall report on the distribution of the Settlement Fund.

16. **Dismissal Order**. In the event that Defendants fail or refuse to make the payments pursuant to Paragraph 15, Defendants agree that at the option of Plaintiff's counsel, that the Litigation will not be dismissed with prejudice at the Final Approval Hearing. And, the Final Approval Order may be vacated pursuant to Fed. R. Civ. P. 60(b), this Agreement shall be rescinded, and this action shall be reinstated as if this Agreement never existed. Once Defendants make all payments to the Settlement Fund, then the parties can agree to dismiss the Litigation with prejudice, excluding those persons who have opted out.

17. <u>**Notice**</u>. Within 30 days of entry of the preliminary approval order, Defendants shall, through a settlement administrator, cause actual notice, in the form of <u>Exhibit 1</u>, to be sent to the last known addresses of the Class Members, according to the most current and available address in Defendants' records. Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Class Members through the National Change of Address ("NCOA") database. The settlement administrator shall distribute the notice by letter via First Class U.S. Mail with address forwarding. In the event that a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. In the event that a notice is returned as undeliverable and a forwarding address is not provided, the settlement administrator will undertake to ascertain the Class Member's current address using skip-tracing, so long as the cost of doing so does not result in an increase of more than 10% of the settlement administrator's estimated fee of $495.00 for administering this settlement. If the settlement administrator finds through skip-tracing that the Class Member has a different address, the settlement administrator will send the notice to that address.

a. **Right of Exclusion**. All Class Members who properly file a timely written request for exclusion from the Class shall be excluded from the Class and shall have no rights as Class Members pursuant to this Agreement. A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in *Uribe v. Collins Asset Group, et al.*, case no. 18-cv-03736 (N.D. Ill.)." The request must also include the name, address, phone number, and signature of the person(s) or entity seeking exclusion. The request must be mailed to the settlement administrator at the address provided in the class notice and postmarked by such date as set by the Court. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the class notice, or that is not received within the specific time shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member pursuant to this Agreement and settlement, if approved. The class administrator shall forward copies of all requests for exclusion to counsel for the Class and counsel for Defendants no later than seven days after the deadline for Class Members to submit such requests.

b. **Defendants' Right to Declare Null and Void.** Defendants reserve the right to declare this Agreement null and void if more than 2% of the Class Members opt out of the Class.

c. **Right to Object**. All Class Members shall have the right to object to this settlement. Objections must be filed with the Court by the objecting Class Member and served on all counsel of record. For an objection to be valid, it must in writing and contain the following:

      i. the objecting Class Member's name address, and phone number;

      ii. the name and number of the case: *Uribe v. Collins Asset Group, et al.*, case no. 18-cv-03736 (N.D. Ill.);

      iii. the factual basis or legal grounds for the objection; and

      iv. documents, if any, to support the objection.

    d. **Time for Requests for Exclusion or Objections**. Class Members shall have 60 days after mailing of the class notice to complete and postmark a request to be excluded from the proposed settlement or to object to this settlement.

    e. **Invalid Request for Exclusion.** A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved.

18. **Release.** Upon the Effective Date, Plaintiff and Class Members grant the following release: Plaintiff and each Class Member release and discharge Defendants, as well as their respective predecessors, successors, assigns, affiliates, parent corporations, subsidiaries, holding companies, divisions, unincorporated business units, partners, insurers, members, officers, directors, shareholders, members, managers, employees, agents, representatives, officials, attorneys, associates and trustees (in their respective capacities as such) (collectively, "Released Parties"), from any and all claims, actions, causes of action, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive

relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, that were brought in the Litigation or arise out of or relate to the conduct alleged in the Litigation.  None of the Class Members are releasing any defenses regarding whether the debt relating to the Litigation is owed, the crediting of any payment toward the debt, or the furnishing of any information about the debt to the credit reporting agencies, to the extent these defenses are applicable or available to the Class Members, and so long as these defenses do not involve the Class Members seeking damages or monies from Defendants regarding the claims hereby released.

In addition to the above release, Plaintiff/Class Representative Ana Uribe further releases the Release Parties from any and all claims, actions, causes of action, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal, or statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, including, but not limited to, any claims regarding the second mortgage loan originated by Long Beach Mortgage Company dated May 3, 2005 related to the property that is the subject of *Collins Asset Group, LLC v. Ana Uribe*, 18 L 199 (Cir. Ct. Will Co., Ill.).

19. **Approval by the Court.**  The above release in Paragraph 18 of this Agreement is conditioned upon the approval of this Agreement by the Court and the parties meeting the obligations set forth herein.  If this Agreement is not approved by the Court or for any reason does

not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation or in any manner whatsoever.

20. **Class Action Fairness Act.** Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

21. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall apply to the Court for entry of the preliminary approval order, attached as Exhibit 2, which:

    a. Preliminarily approves this Agreement;

    b. Schedules a hearing for final approval of this Agreement;

    c. Approves Exhibit 1 hereto as notice to the Class, to be directed to the last known address of the Class Members as shown on Defendants' records via First Class U.S. Mail; and

    d. Finds that mailing of the class notice specified in Paragraph 16 and the other measures specified in that paragraph are the only notice requirements and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

22. The parties agree to class notice attached hereto as Exhibit 1 and proposed preliminary approval order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes to the notice or order does not invalidate this Agreement.

23. **Class Recovery Data.** Within 8 days prior to the Final Approval Hearing, the settlement administrator shall provide counsel for Defendants and counsel for Plaintiff a final

breakdown of the number of Class Members entitled to payments under Paragraph 11. If final approval is granted, the parties or settlement administrator shall retain this information and the Class Members who excluded themselves for six months following the Effective Date and may destroy them after that period.

24. **Final Approval.** At the conclusion of or as soon as practicable after the hearing on the fairness, reasonableness, and adequacy of this Agreement, and the expiration of at least 90 days from the preliminary approval of the settlement, Plaintiff's counsel and Defendants' counsel shall request that the Court (i) enter the Final Approval Order attached hereto as Exhibit 3 approving the terms of this Agreement as fair, reasonable, and adequate; (ii) providing for the implementation of those terms and provisions; (iii) finding that the notice given to the Class satisfies the requirements of due process and Rule 23; (iv) dismissing Plaintiff's and Class Members' Complaint against Defendants with prejudice; and (v) directing the entry of a Final Approval Order. The fact that the Court may require non-substantive changes to the proposed Final Approval Order attached hereto as Exhibit 3 does not invalidate this Agreement.

25. **Release of Attorneys' Lien.** In consideration of this Agreement, counsel for Plaintiff and the Class hereby discharge and release the "Released Parties," as defined in Paragraph 18 above, from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under Paragraph 13, for legal services rendered.

26. **Miscellaneous Provisions.**

   a. The parties acknowledge that this Agreement memorializes the compromise of disputed actual and potential claims.

   b. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to affect the consummation of this Agreement and the settlement provided for herein.

   c. Notices and objections related to this Agreement shall be sent to the following attorneys:

>   Daniel A. Edelman (35039)
>   Heather Kolbus
>   Isabella M. Janusz
>   Edelman, Combs, Latturner & Goodwin, LLC
>   20 South Clark Street
>   Suite 1500
>   Chicago, Illinois 60603
>
>   David M. Schultz
>   Joseph D. Kern
>   Hinshaw & Culbertson LLP
>   151 North Franklin Street
>   Suite 2500
>   Chicago, Illinois 60606

   Without Court approval, the persons and addresses designated in this sub-paragraph may be changed by any party by written notice to the other parties.

d.   This Agreement constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties, and approved by the Court.

e.   This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or digital scans of executed copies of this Agreement may be treated as originals.

f.   Every term of this Agreement shall be binding upon and inure to the benefit of Plaintiff, the Class, and their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

g.   This Agreement shall be governed by and interpreted under the laws of the State of Illinois.


## ***SIGNATURE PAGE TO FOLLOW***

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on ___February 11, 2019___, 2019.

**Plaintiff individually
and as Class Representative:**

_/s/ Ana Uribe_
Ana Uribe

Attorneys for Ana Uribe and the Class:

_/s/ Daniel A. Edelman_
Daniel A. Edelman
Heather Kolbus
Isabella M. Janusz
Edelman, Combs, Latturner
& Goodwin, LLC
20 South Clark Street
Suite 1500
Chicago, Illinois 60603

**Collins Asset Group, LLC**

By: _____
    Its duly authorized representative

**Potestivo & Associates, P.C.**

By: _____
    Its duly authorized representative

**Potestivo & Associates, a Professional Corporation**

By: _____
    Its duly authorized representative