IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA URIBE, on behalf of herself and the class members,<br><br>    Plaintiffs,<br><br>v.<br><br>COLLINS ASSET GROUP, LLC, *et al.*,<br><br>    Defendants. | Case No. 18-cv-03736<br><br>Honorable John Z. Lee |

## **FINAL APPROVAL ORDER AND JUDGMENT**

This Court, upon a hearing held on June 26, 2019, of which notice was given consistent with this Court's prior order preliminarily approving a proposed class settlement (Dkt #68), with counsel for Plaintiff Ana Uribe ("Plaintiff") and counsel for Defendants Collins Asset Group, LLC ("Collins"), Potestivo & Associates, P.C., and Potestivo & Associates, a Professional Corporation (collectively "Potestivo") (all defendants collectively "Defendants"), noting that the parties dispute the claims on the merits and concede no arguments in support of their positions but have, nevertheless, agreed to settle their claims, and now being fully advised –

    (1)    On February 12, 2019, this Court entered an order granting preliminary approval of the settlement between Plaintiff and Defendants.

    (2)    The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to 51 Class Members by Class-Settlement.com. A total of 6 envelopes were returned by the United States Postal Service; they were not returned with forwarding addresses and were not re-mailed. No objections were filed or received. One class

member submitted a request to opt out after the May 13, 2019 deadline. The parties do not object to allowing the late opt-out.

(3) On June 26, 2019 the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the parties' Settlement Agreement, Plaintiff's Fee Petition, Plaintiff's Memorandum in Support of Final Approval of the Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, Class Members and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith, following arm's length negotiations and is non-collusive.

3. The Court grants final approval of the Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Class Members who have not opted out are bound by this Final Approval Order and the Agreement. The Settlement Administrator received one untimely but otherwise valid opt-out, from Carrie L. Williams.

4. The Court finds that provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

5. The previously certified the class is now finally certified for purposes of settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> The class consists of (a) all individuals (b) with respect to whom defendants Potestivo filed a complaint in Illinois (c) stating that the plaintiff was a holder in due course (d) when the plaintiff acquired the obligation after default (e) which letter was sent at any time during a period beginning May 29, 2017 and ending June 19, 2018.
>
> The subclass includes all individuals with respect to whom Collins Asset Group, LLC was the plaintiff in a complaint filed by defendants Potestivo in Illinois. The subclass includes every member of the class defined above.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Ana Uribe is designated as a representative of the Class.

8. Edelman, Combs, Latturner & Goodwin, LLC are appointed class counsel.

9. The settlement administrator is Class-Settlement.com, 20 Max Avenue, Hicksville, NY 11801.

10. The class notice was given to the proper federal and state authorities under the Class Action Fairness Act (28 U.S.C. §1715) in a timely way.

11. The class notice (as described in the Agreement) previously approved and directed by the Court constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23, and all other applicable laws. The Court has approved the forms of notice to the Class Members.

302643756v1 0939631

12. A full and fair opportunity has been afforded to the Class Members to opt out, object to, and to participate in the hearing convened to determine whether the settlement should be given final approval. One Class Member, Carrie L. Williams, has requested to opt out of the Settlement

13. No Class Members have objected to the Agreement.

14. All members of the class who did not timely opt out of the Agreement are bound by this Order.

15. Defendants have created a Settlement Fund in the amount of $20,000.00. Defendants deposited $20,000.00 in a trust for the benefit of the settlement Class Members in *Uribe v. Collins Asset Group, et al.*, 18-cv-03736 (N.D. Ill.) with the settlement administrator on June 12, 2019.

16. Upon entry of this Order Finally Approving the Settlement, Plaintiff and Each Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

17. The Court has considered Class Counsel's application for attorney's fees. The Court awards Class Counsel the sum of $10,000.00 as an award of attorney's fees and costs to be paid from the Settlement Fund within 21 days of the Effective Date, and finds this amount of fees is fair and reasonable.

18. The Court grants Class Counsel's request for an incentive award to the class representative and awards $1,709.00 to Ana Uribe. This payment shall be made from the Settlement Fund within 21 days of the Effective Date. Defendant Collins has also agreed to waive any amounts Ana Uribe owes on a mortgage loan originated by Long Beach Mortgage Company dated May 3, 2005 related to the property that is the subject of *Collins Asset Group, LLC v. Uribe*, 18 L 199 (Cir. Ct. Will Co., Ill.). The Court finds that this payment is justified by the Class Representative's service to the Class.

302643756v1 0939631

19. The settlement administrator shall distribute the Class Recovery to the Class Members in accordance with the provisions of this Order and the parties' Agreement, within twenty-one (21) days following the Effective Date as more fully set forth in the Settlement Agreement.

20. The Settlement Administrator shall make the *cy pres* payment to the Chicago Law & Education Foundation, 3120 S. Kostner Ave., Chicago, IL 60623, 30 days after expiration of the void date on the Class Members' checks.

21. The Settlement Administrator and Class Counsel shall file an affidavit of final accounting of the settlement as defined in the Agreement by December 18, 2019.

22. The settlement provides fair, adequate, and reasonable relief to class members.

23. The parties shall carry out their respective obligations under the Agreement and as ordered herein.

24. The Court hereby dismisses this Litigation against Defendants with prejudice and without costs.

**SO ORDERED.**

**6/26/19**

_____
**Honorable John Z. Lee**
**U.S. DISTRICT JUDGE**